UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE L. VENABLE,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN PERRY, et al.,<br><br>Defendants. | No. 2:21-cv-0814 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order filed June 21, 2021, the undersigned screened the original complaint, found that it did not state a claim for relief, and gave plaintiff an opportunity to file an amended complaint. ECF No. 7. Plaintiff has now filed a first amended complaint. ECF No. 10.

I.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     Complaint

The complaint alleges that defendants Perry and Harwood violated plaintiff's Eighth and Fourteenth Amendment rights by subjecting him to unconstitutional living conditions. ECF No. 10 at 7-13. Specifically, plaintiff alleges that on November 13, 2019, after he was found guilty of a rules violation, Hardwood had him transferred to the new C-status dorm. Id. at 7. The dorm plaintiff was transferred to had

> no television, inadequate lights, writen [sic] on the walls, paint peeling from the walls, no day room, confining all inmates to the same area 24 hours a day. The roof in the bathroom looked as though it was about to cave in, in the bathroom, possibly exposing [inmates] to espetus [sic]. The dorm had broken windows & broken lockers.

Id. at 8.

When plaintiff was placing his items into his locker after being transferred, he cut his hand in three places on a broken part of the locker and was not seen by medical until three days later, at which point he received bandages and a tetanus shot. Id. at 9-10. Plaintiff requested to be moved to another dorm, and while he was waiting, maintenance came and worked on the locker. Id. at 10. Plaintiff alleges that as the program lieutenant, Hardwood knew or should have known that the dorm was unsafe for housing. Id. at 9.

With respect to defendant Perry, plaintiff alleges that after the appeals coordinator refused to process his appeal, he wrote to Perry to notify her that he was being refused the right to proceed with an appeal. Id. at 12. Perry did not respond to the letter, thereby contributing to the punishment of housing him in a dorm that was unfit for housing. Id. Plaintiff further alleges that as warden, Perry was responsible for training her subordinates and knew or should have known that there were illegal acts taking place. Id. at 13.

III.    Failure to State a Claim

  A.    Conditions of Confinement

The conditions of the dorm alleged in the first amended complaint are nearly identical to those alleged in the original complaint, compare ECF No. 1 at 3 with ECF No. 10 at 8, and plaintiff was previously advised that those conditions were not sufficient to constitute an Eighth Amendment violation, ECF No. 7 at 4 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

3

"'[T]he Constitution does not mandate comfortable prisons,' or that prisoners 'be free of discomfort,'" Colwell v. Bannister, 763 F.3d 1060, 1074 (9th Cir. 2014) (alteration in original) (quoting Rhodes v. Chapman, 452 U.S. 337, 348-49 (1981)), and the conditions alleged by plaintiff are largely cosmetic, rather than the type of "deprivations denying the minimal civilized measure of life's necessities [that] are sufficiently grave to form the basis of an Eighth Amendment violation," Wilson, 501 U.S. at 298 (internal citation and quotation marks omitted). Although plaintiff cut his hand on the broken locker, "[n]ot every injury that a prisoner sustains while in prison represents a constitutional violation," Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th 2006), and the facts alleged do not indicate that the broken locker was a "condition[] posing a substantial risk of serious harm," see Farmer v. Brennan, 511 U.S. 825, 834 (1994) ("[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." (citing Helling v. McKinney, 509 U.S. 25, 35 (1993))).

B. Due Process

Plaintiff appears to allege that his due process rights were violated when he was moved to a less desirable dorm. However, "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement," Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)), and the conditions alleged by plaintiff did not cause a change in confinement that "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. O'Conner, 515 U.S. 472, 484 (1995). To the extent plaintiff is attempting to state a due process claim against Perry related to the denial of his appeal, prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure," Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)), and these claims necessarily fail.

IV. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United

4

States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the first amended complaint fails to state a claim upon which relief may be granted. Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide. Given that the facts provided in the first amended complaint are nearly identical to those in the original, it does not appear that further amendment would result in a cognizable claim. As a result, leave to amend would be futile and the first amended complaint should be dismissed without leave to amend.

### V.   Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed without leave to amend because the facts you have alleged do not show that the conditions in the dorm were cruel and unusual or that the broken locker posed a substantial risk of serious harm. You also do not have a right to avoid being housed in a less desirable location or to a specific grievance process.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the first amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 22, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE